UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>　　　Plaintiff | 5:20-cr-50018 |
| vs. | MEMORANDUM OPINION<br>AND ORDER |
| GREGORY HARRISON,<br>　　　Defendant | |

Pending before the Court is Defendant's motion for reduction in sentence pursuant to Amendment 821 to the Federal Sentencing Guidelines. (Doc. 196). The Government has responded. (Doc. 198). The Federal Public Defender has notified the Court of its intent not to supplement. (Doc. 1/7/2025). For the following reasons the Court denies Defendant's motion.

## BACKGROUND

Defendant pleaded guilty to Conspiracy to Commit Bank Fraud and two counts of Aggravated Identity Theft. 18 U.S.C. §§ 1349, 1344, and 1028A(a)(1). Defendant and others acquired money, goods, and services from banks and businesses by creating fraudulent checks based on the real accounts of real individuals and altering the information on the checks. (Doc. 128, PgID 473-80). The lengthy list of businesses and banks defrauded appears in the PSR. (Id., PgID

1

478-80). Defendant and his co-conspirators used fraudulent identification cards as part of the scheme.

Defendant's base offense level was 21, and his acceptance of responsibility yielded a total offense level of 18. He had 16 criminal history points, with 2 points then added for having committed the offenses while under a criminal justice sentence. This resulted in a criminal history score of 18 and criminal history category of VI. The applicable Guidelines sentence was 57-71 months for the conspiracy count, and statutorily required 24 months, made consecutive to all other counts for each of the aggravated identity counts. The court imposed a sentence of 119 months, consisting of 71 months for the Conspiracy to Commit Bank Fraud, and 24 months each for the two Aggravated Identity counts, with each 24-month sentence to run consecutive to the sentences on all other counts. (Doc. 137, PgID 545). The court also imposed a restitution obligation of $11,913.19. (Id., at 549).

Defendant now requests a sentence reduction pursuant to a recent Guidelines amendment that was made retroactive.

**LEGAL STANDARD**

Ordinarily, a court may not modify a sentence once it has been imposed. 18 U.S.C. § 3582. The statute creates an exception for a term of imprisonment "based on a sentencing range that has subsequently been lowered by the Sentencing Commission...". Id. § 3582(c). In such a situation, the court engages in the two-

step procedure set forth in *Dillon v. United States*, 560 U.S. 817, 826-27 (2010). That procedure requires a determination whether the applicant qualifies for relief under § 3582(c), followed by ascertaining the pertinent guideline range. *Id.* See also *United States v. Estupinan*, 2023 WL 9022718, *2 (S.D. Fla. Dec. 31, 2023); *United States v. Diaz*, 2024 WL 167166, *2 (S.D. Fla. Jan. 16, 2024); *United States v. Reed*, 2024 WL 1521593, *1 (D.N.D. April 8, 2024); *United States v. Ybarra*, 2024 WL 2941554, *1 (D.S.D. June 11, 2024).

Amendment 821 to the Guidelines includes two provisions that can provide relief if applicable. First, § 4A1.1 addresses status points a defendant received because the offense was committed while under any "criminal justice sentence," including imprisonment, probation, or supervised release. The provision reduces status points from 2 to 1 for certain offenders and eliminates such points for others. The second aspect of Amendment 821 appears at § 4C1.1, which addresses a possible reduction in offense level for certain offenders who have zero criminal history points if their offense of conviction meets certain criteria.

**ANALYSIS**

First, because Defendant had 18 criminal history points, he does not qualify as a "zero point offender." Therefore, relief pursuant to § 4C1.1 is not available to him. Next, Defendant's offense was committed while he was under a criminal justice sentence such as imprisonment, probation, or supervised release and he

received a two-point enhancement to his criminal history points of 16, resulting in 18 points. However, even if the two points are eliminated, Defendant still has 16 points. (Doc. 128). He remains in Criminal History Category VI, which encompasses defendants with 13 or more points. Therefore, relief pursuant to § 4A1.1 is not available to him.

Accordingly, IT IS ORDERED that Defendant's motion for reduction in sentence, (Doc. 196), is denied.

Dated this 3rd day of February, 2025.

BY THE COURT:

Lawrence L. Piersol
United States District Judge